US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 0 7 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VALERIE PARKER                                                            PLAINTIFF

v.                                          Case No. 16-1049

TRANSWORLD SYSTEMS, INC.,
FINKELSTEIN, KERN, STEINBERG &
CUNNINGHAM, P.C. and John Does 1-10                    DEFENDANTS

## VERIFIED COMPLAINT

Comes now the Plaintiff Valerie Parker, through her attorneys CROWDER MCGAHA, LLP, and for her Complaint against Transworld Systems, Inc. ("TSI") FINKLESTEIN, KERN, STEINBERG & CUNNINGHAM, P.C., ("FKSC") and John Does 1-10, states:

1. This Action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.* (AFCPA) and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et. seq.* (ADTPA) to collect a consumer debt.

## PARTIES, JURISDICTION & VENUE

2. Valerie Parker is an individual, adult who resides in El Dorado, Arkansas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

3. Transworld Systems, Inc., ("TSI") is a California Corporation, with a principal office of 5800 Commerce Blvd., Rohnert, Park, CA 94248. TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). TSI is a "person" under Ark. Code Ann. § 4-88-102(5). TSI is licensed with the Arkansas State Board of Collection Agencies. TSI can be served by process through its registered agent The Corporation Company, 124 West Capitol Ave., Suite 1900, Little Rock, AR 72201.

4. Defendant FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, P.C., ("FKSC") is a Tennessee Professional Corporation, with a principal office of 1810 Ailor Ave., Knoxville, TN 37921-5802. FKSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6). It may be served by process through Ron Cunningham, 1810 Ailor Ave., Knoxville, TN 37921-5802.

5. John Does 1-10 are persons/entities whose identity is unknown to Plaintiff and Plaintiff's attorney who may have liability for the causes of action. An

affidavit of same from Plaintiff's attorney is attached hereto as Exhibit A and incorporated by reference under Ark. Code Ann. § 16-56-125(c).

6. This Court has jurisdiction under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367.

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTS

8. In Fall 2002, Ms. Parker enrolled at the University of Central Arkansas with a major in psychology.

9. In Fall 2005, Ms. Parker's father became ill and she had to leave school. She moved to Hampton, Arkansas, to take care of him. While she lived with her father, she took two classes with the online university, the New York Institute of Technology.

10. After taking her two classes, Ms. Parker applied for a Student Loan for additional classes at the New York Institute of Technology. This financial obligation was primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Ms. Parker canceled the Student Loan shortly after applying for it, when she learned South Arkansas Community College was less expensive. The

Student Loan account was closed on July 10, 2006. Ms. Parker then moved to El Dorado, Arkansas, and enrolled at South Arkansas Community College.

12. Ms. Parker received no proceeds from the Student Loan, attended no further classes at the New York Institute of Technology, made no payments on the Student Loan and for almost ten years heard nothing more on the matter.

13. On February 9, 2016, The Defendants filed a lawsuit against Ms. Parker on the Student Loan and sought a judgment of $20,979.32 with 10% post judgment interest. See Exhibit No. 1, *National Collegiate Student Loan Trust 2006-2 v. Valerie Parker*, Case No. CV-16-11, District Court of Union County, Arkansas, El Dorado, Civil Division (the "State Court Action").

14. The Loan Payment History Report Attached as Exhibit C to Defendant's Complaint, states:

    A. the last payment date on the Loan was December 11, 2012, for $150.00.

    B. the loan was disbursed on March 9, 2006, for $14,364.64.

15. The Affidavit and Verification of Account Attached as Exhibit C to Defendants' Complaint, signed by Dudley Turner, states:

    A. A loan was extended for [Ms. Parker] to use pursuant to the terms of the loan agreements.

      B.    [Ms. Parker] has failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

      C.    After all payments, credits and offsets have been applied, [Ms. Parker] owes the principal sum of $17,907.08 together with accrued interest in the amount of $3,072.24 totaling the sum of $20,979.32 as of 12/7/2015.

16. Mr. Turner's Affidavit and Verification bears indicia of Robo signing because it is signed in blank with a stamp.

17. The National Collegiate Student Loan Trust 2006-2 ("NCSLT") is a Delaware business trust with no employees or corporate trustees. The NCSLT is not registered to do business in Arkansas.

18. NCSLT files thousands of lawsuits against citizens of Arkansas.

19. NCSLT is not the real party in interest in these lawsuits.

20. Ms. Parker moved to dismiss the State Court Action and served a set of Requests for Admissions to NCSLT.

21. Rather than respond to Ms. Parker's Requests for Admissions and Motion to Dismiss, NCSLT nonsuited the State Court Action.

### CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FDCPA
### (Against all Defendants)

22. Plaintiff incorporates by reference all paragraphs as if fully set forth.

23. The foregoing acts and omissions of every Defendant constitute numerous violations of the FDCPA including:

    A. **15 U.S.C. § 1692e: False, deceptive or misleading representation or means with debt collection.** Defendants filed a time-barred collection suit.

    B. **15 U.S.C. §1692e(2): Character, amount, or legal status of alleged debt.** Defendants falsely state the balance of the debt, the loan was disbursed, and the last payment date on the Loan was December 11, 2012.

    C. **15 U.S.C. §1692(e)(5): Threaten to take any action that cannot legally be taken.** Defendants filed a time-barred collection suit.

    D. **15 U.S.C. §1692(e)(10): Any false representation or deceptive means to collect a debt.** Misrepresentation of NCSLT's authority to sue and failing to identify the creditor clearly.

24. Because of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

25. Defendants' conduct has caused Plaintiff to suffer humiliation, anxiety, embarrassment, frustration, injury to her credit rating and credit reputation, and lost time and expense.

## COUNT II
## VIOLATIONS OF THE AFCPA
### (Against separate Defendant TSI)

26. Plaintiff incorporates by reference all paragraphs as if fully set forth.

27. The foregoing acts and omissions of TSI constitute numerous violations of the AFCPA including:

> A. **Ark. Code Ann. § 17-24-506(a): False, deceptive or misleading representation or means with debt collection.** TSI filed a time-barred collection suit.
>
> B. **Ark. Code Ann. § 17-24-506(b)(2): Character, amount, or legal status of alleged debt.** TSI falsely state the balance of the debt, the loan was disbursed, and the last payment date on the Loan was December 11, 2012.
>
> C. **Ark. Code Ann. § 17-24-506(b)(5): Threaten to take any action that cannot legally be taken.** TSI filed a time-barred collection suit.
>
> D. **Ark. Code Ann. § 17-24-506(b)(10): Any false representation or deceptive means to collect a debt.** Misrepresentation of NCSLT's authority to sue and failing to identify the creditor clearly.

28. Because of TSI's violations of the AFCPA, Plaintiff has suffered out-of-pocket expenses and are therefore entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1) statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A) from TSI.

29. Defendants' conduct has caused Plaintiff to suffer humiliation, anxiety, embarrassment, frustration, injury to her credit rating and credit reputation, and lost time and expense.

## COUNT III
## VIOLATIONS OF THE ADTPA
### (Against separate Defendant TSI)

30. Plaintiff incorporates by reference all paragraphs as if fully set forth.

31. The ADTPA is designed to protect consumers from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute, which is liberally construed in favor of consumers.

32. TSI's practices violate the following sections of the ADTPA:

   A. Knowingly making a false representation as to the characteristics of services. Ark. Code Ann. § 4-88-107(a)(1).

   B. Knowingly taking advantage of a consumer reasonably unable to protect her interest because of ignorance or inability to understand the language of the agreement. Ark. Code Ann. § 4-88-107(a)(8).

   C. Engaging in any unconscionable, false, and deceptive acts or practices in business, commerce or trade. Ark. Code Ann. § 4-88-107(a)(10).

33. TSI's conduct also violates Ark. Code Ann. § 4-88-108 by suppressing material facts, and using deception or false pretenses.

34. TSI's conduct has caused Ms. Parker to suffer actual damages and injury in an amount to be determined at trial.

## REQUEST FOR JURY TRIAL

35. Ms. Parker demands a trial by a jury of twelve.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Parker demands judgment against the Defendants for:

A. Actual and compensatory damages;

B. Statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A) and Ark. Code Ann. § 17-24-512(a)(2)(A);

C. Reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), Ark. Code Ann. § 17-24-512(a)(3)(A), and Ark. Code Ann. § 4-88-113(f); and

D. Such other further relief as the Court may deem just and proper.

Date: June 3, 2016

Respectfully submitted,

Will Crowder
Ark. Bar No. 2003138
Corey D. McGaha
Ark. Bar No. 2003047
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax:  (501) 367-8208
wcrowder@crowdermcgaha.com
cmcgaha@crowdermcgaha.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF ARKANSAS )
) ss
COUNTY OF UNION )

Valerie Parker, having first been duly sworn and upon oath, deposes and says:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every Exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Valerie Parker

Subscribed and sworn to before me
this 2nd day of June, 2016.

_____
Notary Public

Donna L. Herring
NOTARY PUBLIC
Union County, Arkansas
Commission # 12403156
My Commission Expires 3/31/2025