IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VALERIE PARKER                                                                                    PLAINTIFF

v.                                              Case No. 1:16-cv-1049

TRANSWORLD SYSTEMS, INC.;
FINKELSTEIN, KERN, STEINBERG &
CUNNINGHAM, P.C.; and JOHN DOES 1-10                                          DEFENDANTS

## ORDER

Before the Court is the parties' Stipulation of Dismissal. (ECF No. 38). The parties state that they have resolved the issues in this matter and Plaintiff Valerie Parker now requests that all of her claims against Defendants Transworld Systems, Inc.; Finkelstein, Kern, Steinberg & Cunningham, P.C.; and John Does 1-10 be dismissed with prejudice, with each party bearing its own fees and costs. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), an action may be dismissed by "a stipulation of dismissal signed by all parties who have appeared." The instant stipulation of dismissal is signed by all parties who have appeared in this matter.[1]

Accordingly, all of Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE** subject to the terms of the settlement agreement. Each party shall bear its own fees and costs. If any party desires that the terms of settlement be a part of the record therein, those terms should be reduced to writing and filed with the Court within thirty (30) days of the entry of this judgment. The Court retains jurisdiction to vacate this Order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 31st day of May, 2017.

                                                                /s/ Susan O. Hickey
                                                                Susan O. Hickey
                                                                United States District Judge

---

[1] Although Defendants John Does 1-10 did not sign the stipulation of dismissal, this does not preclude dismissal of this case due to the fact that the John Doe defendants have not retained counsel, filed any documents, or otherwise appeared in this matter. *See United States v. Altman*, 750 F.2d 684, 695 (8th Cir. 1984) ("[Rule 41] permits the dismissal of an action upon the signing of a stipulation by all parties who have appeared in the case.").